UNITED STATES DISTRCT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| Christopher Urbach, | ) | Civil Action No. 1:22-cv-3219 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| BNSF Railway Company, | ) | |
| a Delaware corporation, | ) | **Jury Trial Demanded** |
| | **)** | |
| Defendant. | ) | |

COMES NOW Plaintiff Christopher Urbach and for his claims against Defendant BNSF Railway Company, a Delaware corporation, states and alleges as follows:

### Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on December 22, 2019 while working as a conductor for Defendant. Plaintiff's claims against Defendant are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

### Parties

2. That at all times relevant herein, Plaintiff was a resident and citizen of Golden, Colorado, and was employed by Defendant as a conductor engaged in interstate commerce.

3. That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Fort Worth, Texas; was duly licensed to operate a system of railroads, as a common carrier of freight for hire in and through the State of Colorado; and was engaged as a common carrier in interstate commerce.

**Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction over Plaintiff's claims under the FELA pursuant to 28 U.S.C. § 1331 (federal question).

5. This Court has personal jurisdiction over Defendant since the incident giving rise to Plaintiff's FELA claims occurred within the State of Colorado.

6. Venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claim in the district where the cause of action arose or in the district where Defendant is doing business at the time the action is commenced.

7. Plaintiff's FELA claims are timely commenced pursuant to 45 U.S.C. § 56.

**Facts**

8. That on December 22, 2019, Plaintiff was in the course and scope of his employment as a conductor for Defendant with his engineer, Michael Toci on train VKCKDEN119A traveling northbound on mainline #1 near Pueblo, Colorado. At or near milepost 110.7, the train unexpectedly went into emergency causing the train's brakes to immediately apply.

9. After the train came to a stop, Plaintiff walked the train to determine what caused it to go into emergency. Plaintiff found the issued to be with the distributive power unit (BNSF 4992) at the rear of the train. Plaintiff entered the unit and could smell a faint, unknown odor. Plaintiff exited the rear door of the unit to inspect the exterior of the unit. When Plaintiff re-entered the unit, the odor was stronger.

10. Plaintiff called Defendant's Fort Worth mechanical department and was given instructions to try and rectify the problem. After occupying BNSF 4992 for approximately 10-15 minutes, Plaintiff became overwhelmed by the odor and fumes in the unit. He was unable to breath and became violently ill and had to exit the unit to escape the odor and fumes.

11.     Plaintiff radioed his engineer to inform him that he was in distress and Mr. Toci radioed for help.  Train VKCKDEN119A was stalled approximately five miles from Pueblo, but it took Defendant's Pueblo yard van more than one hour to arrive on the scene and take Plaintiff back to the hospital in Pueblo, Colorado.

12.     The defective unit BNSF 4992 that caused train VKCKDEN119A to go into emergency and the delay in getting Plaintiff to the hospital all contributed to the incident resulting in Plaintiff's injuries.

### Count One (Strict Liability/Negligence per se)

13.     Plaintiff adopts and incorporates his previous allegations as set forth in paragraphs 1 through 12.

14.     That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by the acts and omissions of Defendant described above in violation of the Federal Safety Appliance Act (FSAA) §§ 20301-20306, and/or FRA regulations including but not limited to Part 232 of Title 49, in that Defendant allowed to be used on its railroad line, vehicles whose brakes and components were defective and unsafe.

15.     As a result of the above-described violation, Plaintiff suffered severe and permanent injures and damages, including pulmonary injuries.  As a result, Plaintiff has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment and will incur further medical expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of living; and has suffered permanent injury and disability, all to his injury and damage.

## Count Two (Strict Liability/Negligence per se)

16. Plaintiff adopts and incorporates his previous allegations as set forth in paragraphs 1 through 16.

17. Plaintiff's injuries were caused, in whole or in part, by Defendant's violation of the Federal Locomotive Inspection Act (FLIA), 49 U.S.C. §§ 20701-20703, when it used or allowed to be used a locomotive on its railroad line that was not in proper condition and safe to operate without unnecessary danger of personal injury as required under 49 U.S.C. § 20701.  Defendant's locomotive BNSF 4992 was defective when it malfunctioned, leaking fumes and potentially toxic substances into the air.

18. As a result of the above-described violation, Plaintiff suffered severe and permanent injures and damages, including pulmonary injuries.  As a result, Plaintiff has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further medical expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of living; and has suffered permanent injury and disability, all to his injury and damage.

## Count Three (Negligence)

19. Plaintiff adopts and incorporates his previous allegations as set forth in paragraphs 1 through 22.

20. That pursuant to the FELA, 45 U.S.C. § 51, Defendant is liable in damages for injuries resulting in whole or in part from the negligence of Defendant's officers, agents, or employees, or by reason of any defect or insufficiency in its cars, engines, appliances, machinery and brake system.

21. Defendant breached its duty under the FELA when it:

    a.    Failed and neglected to provide Plaintiff with a reasonably safe place to work;

    b.    Failed to provide proper equipment, including but not limited to cars, engines, appliances, machinery and brake system;

    c.    Failed to inspect, maintain, and repair its railcars, cars, engines, appliances, machinery and brake system;

    d.    Failed to provide timely assistance and aid to Plaintiff;

    e.    Failed to warn Plaintiff of the unsafe conditions that existed on its cars, engines, appliances, machinery and brake system; and,

    f.    Other acts of negligence to be determined.

22.    As a result of the above-described negligent acts, Plaintiff suffered severe and permanent injures and damages, including pulmonary injuries.  As a result, Plaintiff has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further medical expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered loss of his enjoyment of living; and has suffered permanent injury and disability, all to his injury and damage.

**WHEREFORE**, Plaintiff Christopher Urbach prays judgment against Defendant BNSF Railway Company in an amount to be determined as reasonable compensation for all the injuries and damages he has suffered, together with interest thereon as provided by law, and for his costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

| | |
|---|---|
| Date:   December 14, 2022 | **HUNEGS, LeNEAVE & KVAS, P.A.**<br><br>*/s/ Paul Banker*<br>Paul Banker<br>Randal W. LeNeave<br>Josh Miller<br>Hunegs, LeNeave & Kvas, P.A.<br>1000 Twelve Oaks Center Drive, Suite 101<br>Wayzata, Minnesota 55391<br>(612) 339-4511 (Telephone)<br>(612) 339-5150 (Facsimile)<br>rleneave@hklaw.com<br>pbanker@hklaw.com<br>jmiller@hklaw.com<br><br>**Attorneys for Plaintiff** |

6